Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
JOAQUIN BISONO, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

                -against-

SWIFT KNITTING COMPANY INC.
(d/b/a SWIFT KNITTING
COMPANY), and ELENA MINEA,

                *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Joaquin Bisono ("Plaintiff Bisono" or "Mr. Bisono"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against each of defendants Swift Knitting Company Inc. (d/b/a Swift Knitting Company) ("Defendant Corporation") and Elena Minea (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1. Plaintiff Bisono is a former employee of Defendants Swift Knitting Company Inc. (d/b/a Swift Knitting Company) and Elena Minea.

2. Swift Knitting Company is a knitting company owned by Elena Minea, located at 17-18 Weirfield Street, Queens, New York 11385.

3. Upon information and belief, Defendant Elena Minea serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates the knitting company.

4. Plaintiff Bisono is a former employee of Defendants.

5. Plaintiff Bisono was employed as a textile manufacturing worker.

6. At all times relevant to this Complaint, Plaintiff Bisono worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours over 40 per week that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Bisono appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Bisono the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiff Bisono to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Bisono and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

11. Plaintiff Bisono now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et*

*seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146 and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order") including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Bisono seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Bisono's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Bisono was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Bisono is an adult individual residing in Kings County, New York.

16. Plaintiff Bisono was employed by Defendants from approximately April 2013 until on or about January 15, 2017.

17. Plaintiff Bisono consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all times relevant to this complaint, Defendants own, operate, and/or control a Knitting Company located at 17-18 Weirfield Street, Queens, New York 11385 under the name "Swift Knitting Company."

19. Upon information and belief, Swift Knitting Company Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 17-18 Weirfield Street, Ridgewood, New York, New York 11385.

20. Defendant Elena Minea is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Elena Minea is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

21. Defendant Elena Minea possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22. Defendant Elena Minea determined the wages and compensation of the employees of Defendants, including Plaintiff Bisono, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**
*Defendants Constitute Joint Employers*

23. Defendants operate a Knitting Company located at 17-18 Weirfield Street, Queens, New York 11385.

24. Individual Defendant Elena Minea possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Bisono's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Bisono, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Bisono, and all similarly situated individuals, and are Plaintiff Bisono's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28. In the alternative, Defendants constituted a single employer of Plaintiff Bisono and/or similarly situated individuals.

29. Upon information and belief, individual defendant Elena Minea operates Defendant Corporation as either an alter ego of herself, and/or fails to operate Defendant Corporation as a legal entity separate and apart from herself by, among other things:

    (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for her own benefit as the sole or majority shareholder;

(e) operating Defendant Corporation for her own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of her own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect her own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

31. Defendants had the power to hire and fire Plaintiff Bisono, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Bisono's services.

32. In each year from 2013 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the

Knitting Company on a daily basis, such as yarn and other textiles, were produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Bisono is a former employee of Defendants, employed in performing the duties of a textile manufacturing worker.

35. Plaintiff Bisono seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Joaquin Bisono*

36. Plaintiff Bisono was employed by Defendants from approximately April 2013 until on or about January 15, 2017.

37. At all relevant times, Plaintiff Bisono was employed by Defendants as a textile manufacturing worker

38. Plaintiff Bisono regularly handled goods in interstate commerce, such as yarn and other textiles produced outside of the State of New York.

39. Plaintiff Bisono's work duties required neither discretion nor independent judgment.

40. Throughout his employment with Defendants, Plaintiff Bisono regularly worked in excess of 40 hours per week.

41. From approximately April 2013 until on or about February 2014, Plaintiff Bisono worked from approximately 7:00 p.m. until on or about 7:00 a.m. Mondays through Saturdays (typically 72 hours per week).

42. From approximately February 2014 until on or about September 2014, Plaintiff Bisono worked from approximately 7:00 a.m. until on or about 7:00 p.m. seven days a week (typically 84 hours per week).

43. From September 2014 until on or about January 15, 2017, Plaintiff Bisono worked from approximately 7:00 a.m. until on or about 7:00 p.m. six days a week (typically 72 hours per week).

44. Throughout his employment with defendants, Plaintiff Bisono was paid his first 40 hours by check and his remaining hours in cash.

45. Throughout his employment with defendants, Plaintiff Bisono was paid $9 an hour.

46. Defendants did not grant Plaintiff Bisono any break or meal periods of any length.

47. Defendants did not provide Plaintiff Bisono with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

48. Plaintiff Bisono was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected his actual hours worked.

49. Instead, every week defendants required Plaintiff Bisono to sign a blank time card in order to get his weekly pay.

50. Defendants never provided Plaintiff Bisono with a written notice, in English and in Spanish (Plaintiff Bisono's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51. No notification, either in the form of posted notices or other means, was ever

given to Plaintiff Bisono regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

52. Defendants regularly required Plaintiff Bisono to work in excess of forty (40) hours per week without paying him the proper spread of hours pay and overtime wages.

53. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Bisono (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

54. Plaintiff Bisono was paid his wages in check for the first 40 hours and his remaining hours in cash.

55. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

56. Instead, every week defendants required Plaintiff Bisono to sign a blank time card in order to get his weekly pay.

57. By employing these practices, Defendants avoided paying Plaintiff Bisono the overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

58. Defendants failed to post required wage and hour posters in the Knitting Company, and did not provide Plaintiff Bisono with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and

hour laws, and to take advantage of Plaintiff Bisono's relative lack of sophistication in wage and hour laws.

59. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Bisono (and similarly situated individuals) worked, and to avoid paying Plaintiff Bisono properly for (1) his full hours worked and (2) for overtime due.

60. Defendants failed to provide Plaintiff Bisono and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61. Defendants failed to provide Plaintiff Bisono and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

62. Plaintiff Bisono brings his FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

63. At all relevant times, Plaintiff Bisono and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Bisono's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

64. The claims of Plaintiff Bisono stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**
## **VIOLATION OF THE FLSA OVERTIME PROVISIONS**

65. Plaintiff Bisono repeats and realleges all paragraphs above as though fully set forth herein.

66. At all times relevant to this action, Defendants were Plaintiff Bisono's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Bisono (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

67. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68. Defendants constituted an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

69. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Bisono (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

70. Defendants' failure to pay Plaintiff Bisono (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff Bisono (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK STATE**
**LABOR LAW'S OVERTIME PROVISIONS**

72. Plaintiff Bisono repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Bisono (and the

FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

74. Defendants failed to pay Plaintiff Bisono (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

75. Defendants' failure to pay Plaintiff Bisono (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

76. Plaintiff Bisono (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

77. Plaintiff Bisono repeats and realleges all paragraphs above as though fully set forth herein.

78. Defendants failed to pay Plaintiff Bisono (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Bisono's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. &REGS. Tit. 12, § 146-1.6.

79. Defendants' failure to pay Plaintiff Bisono (and the FLSA Class members) an additional hour's pay for each day Plaintiff Bisono's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

80. Plaintiff Bisono (and the FLSA Class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

81. Plaintiff Bisono repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants failed to provide Plaintiff Bisono with a written notice, in English and in Spanish (Plaintiff Bisono's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

83. Defendants are liable to Plaintiff Bisono in the amount of $5,000, together with costs and attorney's fees.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

84. Plaintiff Bisono repeats and realleges all paragraphs above as though set forth fully herein.

85. Defendants did not provide Plaintiff Bisono with a statement of wages with each payment of wages, as required by NYLL 195(3).

86. Defendants are liable to Plaintiff Bisono in the amount of $5,000, together with costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bisono respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Bisono and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Bisono's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Bisono and the FLSA class members;

(e) Awarding Plaintiff Bisono and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f) Awarding Plaintiff Bisono and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Bisono and the members of the FLSA Class;

(h) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Bisono and the members of the FLSA Class;

(i) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Bisono and the members of the FLSA Class;

(j) Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Bisono's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Bisono's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Bisono and the FLSA Class members;

(m) Awarding Plaintiff Bisono and the FLSA class members damages for the amount of unpaid spread of hours pay and overtime wages as well as damages for any improper deductions or credits taken against wages;

(n) Awarding Plaintiff Bisono damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff Bisono and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p) Awarding Plaintiff Bisono and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Bisono and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Bisono demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      January 27, 2017

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                                    /s/ Michael Faillace
                                By:   Michael A. Faillace [MF-8436]
                                          60 East 42nd Street, Suite 2540
                                          New York, New York 10165
                                          (212) 317-1200
                                          *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020                  Telephone: (212) 317-1200
New York, New York 10165                 Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 17, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                Joaquin Bisono

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:            *[signature: Joaquin Bisono]*

Date / Fecha:                 17 de enero de 2017